**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MD, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  22 C 6028 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| THE PARTNERSHIPS AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED IN SCHEDULE "A," | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's motions for leave to file documents under seal [4] and to increase page limit of brief in support of motion [5] are granted.  Plaintiff's ex parte motion for entry of a temporary restraining order, including a temporary injunction, a temporary asset restraint, and expedited discovery [6] is taken under advisement.  As a threshold matter, the Court sua sponte directs plaintiff to show cause in writing by 11/9/2022 why this case should not be severed for misjoinder, addressing two issues: (1) the propriety of joining in a single lawsuit claims rooted in trademark and copyright infringement against one set of defendants with claims rooted in patent infringement against another set of defendants; and (2) the propriety of joining in a single lawsuit patent-infringement claims against nearly 300 defendants, especially in light of the hurdles imposed by 35 U.S.C. § 299.  As to the former, while it appears from the exhibits attached to plaintiff's motion for a temporary restraining order that some of the defendants are alleged to have infringed both plaintiff's trademark or copyrights *and* plaintiff's design patents, many of the defendants are alleged *only* to have infringed the design patents.  As to the latter, while plaintiff includes in its complaint conclusory allegations on "information and belief" that defendants are "interrelated" and "working in active concert," plaintiff does not explain the bases for its beliefs beyond conclusory statements.  For example, plaintiff alleges in paragraph 21 of the complaint that the products defendants sell "bear similarities and indicia of being related to one another, suggesting that the infringing products were manufactured by and come from a common *source*," singular. In paragraph 4 of the complaint, however, plaintiff alleges that the defendants' stores share "unique identifiers" and that the similarities of their products "suggest" that defendants "share common manufacturing *sources*," plural. These generic allegations fail to satisfy the Court that all of the claims plaintiff proposes to join in this action arise out of the same transaction or occurrence or series of transactions or occurrences or (as to the patent claims) that the transactions or occurrences involve selling the same accused product.

**DATE:**  November 2, 2022

**Hon. Ronald A. Guzmán**
**United States District Judge**